# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW A. MCDOWELL,

    Petitioner,

v.                                                                                           Case No. 17-CV-1267

WILLIAM POLLARD,

    Respondent.

## DECISION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

In March 2014, Matthew A. McDowell pled guilty to a reduced charge of first-degree reckless homicide and concealing a corpse. In June 2014, the Kenosha County Circuit Court sentenced Mr. McDowell to consecutive prison terms of twenty-nine years of initial confinement and ten years of extended supervision on the reckless homicide count, and three years of initial confinement and one year of extended supervision on the concealing a corpse count. Mr. McDowell is currently serving his time at Dodge Correctional Institution.

In 2017, Mr. McDowell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his custody is unconstitutional because he was sentenced based on inaccurate information and that a new factor warrants re-sentencing. The Respondent opposes the petition, arguing that Mr. McDowell has failed to meet his burden of proving that the Wisconsin Court of Appeals' decision is contrary to, or an unreasonable application of clearly established federal law, or

1

based on an unreasonable determination of the facts in light of the evidence presented. For the following reasons, the Court will deny Mr. McDowell's petition.

I.  **Background**

Matthew McDowell pled guilty to first-degree reckless homicide and concealing a corpse. Petition For Writ Of Habeas Corpus 2. The following facts are taken from the Wisconsin Court of Appeals' decision:

> McDowell admitted that during an argument, he pushed the victim onto a bed and placed his hands on her face and neck. He stated she was choking and that he heard a crack and realized the victim was no longer breathing. The medical examiner determined the cause of death to be blunt neck trauma due to assault and the death was ruled a homicide.

Court of Appeals Decision 2. Mr. McDowell was given a bifurcated sentence of thirty-nine years for count one, and a bifurcated sentence of four years for count two. *Id*. He is currently incarcerated at Dodge Correctional Institution. Pet. 1

Mr. McDowell filed a post-conviction motion for relief/sentence modification and argued that his due process right to be sentenced on accurate information was violated and that a new factor warranted re-sentencing. Pet. 4. His motion was denied. *Id*. Mr. McDowell subsequently filed a direct appeal, arguing the same grounds as his post-conviction motion. Pet. 3. On March 16, 2016, the Wisconsin Court of Appeals issued a decision affirming Mr. McDowell's sentence. *See* Ct. App. Decision.

On September 20, 2017, Mr. McDowell filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, asserting three grounds for relief: (1) that the Court of Appeals erred in denying his request for re-sentencing as he was sentenced based

2

on inaccurate information, (2) that a new factor entitles him to a re-sentencing, and (3) that the errors at sentencing were not harmless. Mr. McDowell was allowed to proceed on his claims. *See* Rule 4 Order, ECF No. 4. The Petition is now fully briefed and ready for disposition. *See* Brief in Support of Petitioner's Habeas Corpus Petition, ECF No. 11; Brief Opposing Petition for Writ of Habeas Corpus, ECF No. 14; and Reply Brief in Support of Petitioner's Habeas Corpus Petition, ECF No. 17.

## II. Standard of Review

Federal habeas corpus review is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Under AEDPA, a prisoner in custody pursuant to a state-court judgment of conviction is entitled to federal habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to claims adjudicated on the merits in state court, a federal court can grant an application for a writ of habeas corpus "only if the state court's decision was contrary to clearly established Supreme Court precedent, involved an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in state court." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (citing 28 U.S.C. § 2254(d)); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

"A legal principle is 'clearly established' within the meaning of [§ 2254(d)(1)] only when it is embodied in a holding of [the Supreme Court]." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v.*

*Taylor*, 529 U.S. 362, 412 (2000)). A state-court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13 (opinion of O'Connor, J.). Similarly, a state-court decision results in an "unreasonable application" of clearly established federal law when that court either "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407. A writ of habeas corpus may not issue under the "unreasonable application" clause "simply because the federal court concludes that the state court erred. Rather, the applicant must demonstrate that the state court applied the Supreme Court's precedent in an objectively unreasonable manner." *Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)). Thus, the petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Kubsch*, 838 F.3d at 859 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first

4

instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). For purposes of federal habeas review, state-court factual determinations are entitled to "substantial deference." *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015). To obtain relief under § 2254(d)(2), a petitioner must demonstrate that the state-court decision "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *McManus v. Neal*, 779 F.3d 634, 649 (7th Cir. 2015) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010)); *see also* 28 U.S.C. § 2254(e)(1). "The decision must be 'so inadequately supported by the record as to be arbitrary and therefore objectively unreasonable.'" *Alston v. Smith*, 840 F.3d 363, 370 (7th Cir. 2016) (quoting *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)).

When applying the above standards, federal courts look to "the 'last reasoned state-court decision' to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (quoting *Johnson v. Williams*, 568 U.S. 289, 297 n.1 (2013)).

### III. Discussion

Mr. McDowell maintains that he is entitled to habeas relief because (1) he was sentenced based on inaccurate information; and (2) a new factor entitles him to a re-sentencing. The Respondent asserts that Mr. Meyers has failed to meet his burden of proving that the Wisconsin Court of Appeals' decision denying his writ of habeas corpus is contrary to, or an unreasonable application of, clearly established federal law.

#### 1. Inaccurate Information

Mr. McDowell first argues that he should be granted habeas relief because he was "sentenced based upon inaccurate information as presented by the district attorney . . . at his sentencing hearing," and that the state Court of Appeals' decision affirming his conviction was an unreasonable application of federal law. Pet'r's Br. 5.

Under the Fourteenth Amendment, a criminal defendant has a constitutional due process right to be sentenced based on accurate information. *Townsend v. Burke*, 334 U.S. 736 (1948). Yet, not all inaccuracies deprive a defendant of due process; the incorrect information must be materially untrue. *Pollard*, 628 F.3d at 888 (applying *Townsend*). To be entitled to resentencing, a defendant must establish that the sentencing court actually relied on the critical inaccurate information when announcing its sentence. *Id*. "A sentencing court demonstrates actual reliance on misinformation when 'the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing sentence'" *Id*. (citing *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2013)).

At Mr. McDowell's sentencing hearing, the district attorney presented instances of domestic violence in Mr. McDowell's past to the court. Specifically, the district attorney introduced into evidence a statement from Jessica Panowitz, Mr. McDowell's ex-girlfriend, regarding a domestic violence incident that occurred between them. *See* Resp. Br. 13. In a statement given to an officer of the Kenosha Police Department, Ms. Panowitz conveyed that in 2012, an argument between her

6

and Mr. McDowell became violent. *See* Sentencing Transcript, ECF No. 8-7:24. She stated that she kicked Mr. McDowell in the legs and he subsequently grabbed her around the neck. *Id*. She also stated that Mr. McDowell pinned her down to the concrete stairs with his right hand around her throat and left arm across her left shoulder and forehead, and that he did not let go until she bit him. *Id*. at ECF No. 8-7:25.

The district attorney characterized this altercation as "something of a similar nature" to the present case in which Mr. McDowell exercised force to the neck and throat of the victim, who was also his girlfriend at the time. *See* Sentencing Transcript, ECF No. 8-7:25. The district attorney tried to show that Mr. McDowell "would have no compulsion about not [sic] using his physical prowess and his strength and his size to go to the head/neck area of a human being albeit a female." *Id*. He argued that considering Mr. McDowell's history of violence and the circumstances surrounding "the heinous nature of this murder," the court should disregard the pre-sentence report recommendation of a nine to thirteen-year sentence and impose not less than thirty years of incarceration regarding count one. *See Id*. at ECF No. 8-7:29-31.

Mr. McDowell does not dispute that the domestic violence incident presented by the district attorney happened, but rather complains that the trial court was not given all of the relevant information regarding this incident. *See* Pet'r's Br. 12. Particularly, Mr. McDowell insists that it was he and not Ms. Panowitz who was the victim of the altercation, and it was Ms. Panowitz who was ultimately convicted of

7

assault and battery as a result of the incident and fined $366. *Id*. at 7-8. Additionally, Mr. McDowell states that he was the one to file a restraining order against Ms. Panowitz. *Id*. at 8. Mr. McDowell argues that because these additional facts are "nowhere in the record on appeal or before the trial court," and the sentencing court gave "explicit attention" to the incident as described by the district attorney when determining his sentence, he was sentenced based on inaccurate information and is thus entitled to resentencing. *See* Pet'r's Br. 13-15.

In denying Mr. McDowell's appeal, the Wisconsin Court of Appeals followed *State v. Tiepelman*, which held that to be entitled to resentencing on the basis of inaccurate information, a defendant must show that (1) inaccurate information was before the court; and (2) the court actually relied on the inaccurate information in the sentencing. 2006 WI 66, ¶9 (2006). This tracks the rule applied in *Townsend*. Therefore, the Wisconsin Court of Appeals applied the correct rule, and its decision is not "contrary to" federal law.

The Court of Appeals also applied the standard reasonably. After identifying the correct standard, the Court of Appeals examined the record and concluded that Mr. McDowell failed to establish that the information presented at sentencing concerning the incident with Ms. Panowitz was inaccurate or incomplete, as Mr. McDowell "does not point to any relevant omitted facts." *See* Ct. of App. Decision 4-5. While Mr. McDowell insists that the information regarding Ms. Panowitz's conviction for assault on Mr. McDowell is relevant and was not presented at the sentencing hearing, the record indicates that Ms. Panowitz's statement to the trial

8

court included the fact that she was the one to receive a citation for this incident and that she was served a temporary restraining order. *See* Ct. of Appeals Decision 4-5; *see also Id*. at n.3.

Because the information presented to the trial court was complete and accurate, the Court of Appeals sensibly concluded that Mr. McDowell's right to be sentenced on the basis of accurate information was not violated. Mr. McDowell has failed to establish that the Court of Appeals' decision was an unreasonable application of federal law and is therefore not entitled to relief on this claim.[1]

**2. New Factor**

Mr. McDowell next argues that he should be granted habeas relief because "the direct, sworn testimony of Dr. Soriano, which was not presented at the sentencing hearing, is a new factor" entitling him to a resentencing. Pet. 13. Mr. McDowell contends that the trial court relied upon Dr. Soriano's report as to the cause of death which, in addition to blunt head trauma, mentioned "other injuries," but unknowingly overlooked Dr. Soriano's testimony at the preliminary hearing during which he described the other injuries as "relatively minor injuries that could be incurred during everyday living." Pet'r's Br. 16-18.

In an attempt to establish that Dr. Soriano's testimony at the preliminary hearing constitutes a "new factor" warranting resentencing, Mr. McDowell relies on

---

[1] In his brief, Mr. McDowell also appears to argue that he was sentenced upon inaccurate and incomplete information regarding the cause of death of the victim. *See* Pet'r's Br. 16-20. But, Mr. McDowell failed to exhaust this claim in state court and is thus not entitled to relief. *See* Pet. 6-20; *see also* 28 U.S.C. § 2254(b)(1)(A).

9

*Hayes v. State*, a Wisconsin Supreme Court case that ruled that the trial court had the power to modify sentence even after the service of the sentence had commenced. 46 Wis. 2d 93, 101 (1970); *See* Reply Brief 8-10, ECF No. 17.

Not only does *Hayes* not discuss the standard for modifying a sentence based on a new factor, but Mr. McDowell does not cite to any Supreme Court precedent, or federal constitutional provision, that does. *See Hayes*, 46 Wis. 2d at 101-103; *see also* Reply Br. 8-10. As such, there is no federal constitutional challenge for this Court to review. *See* 28 U.S.C. § 2254. Therefore, Mr. McDowell is not entitled to relief on this claim pursuant to 2254(d)(1).

## IV. Conclusion

For the reasons abovementioned, this Court finds no basis upon which it may properly find that Mr. McDowell is entitled to habeas relief based upon the claims asserted in his Petition.

## V. Certificate of Appealability

There is one final matter to address. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." *See* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court finds that Mr. McDowell is not entitled to a certificate of appealability. Mr. McDowell has not demonstrated "that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Of course, Mr. McDowell has a right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Matthew A. McDowell's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2019.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge